UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL L. RILEY, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ACCO ENGINEERING SYSTEMS,<br><br>　　　　　Defendant. | Case No.  1:21-cv-01785-JLT-HBK (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY<br><br>(Doc. No. 55) |

　　　　Pending before the Court is Defendant's Motion for Leave to File a Surreply, filed on July 18, 2024.  (Doc. No. 55, "Motion").  Defendant seeks leave to file a sur-reply in light of Plaintiff filing a late opposition to Defendant's Motion for Summary Judgment, and because Defendant's Reply was filed prior to Plaintiff submitting his Opposition.[1]  (*Id*. at 2).  Defendant attaches to the Motion a proposed six-page sur-reply.  (*Id*. at 4-9).

　　　　Parties do not have the right to file sur-replies and motions are deemed submitted when the time to reply has expired.  E.D. Cal. Local Rule 230(l); *see also Garcia v. Biter*, 195 F.

---

[1] Although Local Rule 230(d) permits the moving party to file a Reply within 10 days of the non-moving party filing its Opposition, here Defendant appears to have assumed (not without justification) that Plaintiff would not be filing any opposition and proceeded to file its Reply once the time to file an opposition had expired.

1  Supp.3d at 1131, 1133 (E.D. Cal. July 18, 2016).  The Court generally views motions for leave to
2  file a sur-reply with disfavor.  *Id.* (citing *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d
3  1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit inequitable
4  sur-reply); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n. 14 (9th Cir. 2008) (district
5  court did not abuse discretion in denying leave to file sur-reply where it did not consider new
6  evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply
7  may not be considered without giving the non-movant an opportunity to respond).  However, a
8  court may allow a sur-reply to be filed where there is a valid reason for such additional briefing,
9  such as to prevent unfair prejudice.  *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005).

10    Here, Defendant's sur-reply addresses, *inter alia*, whether the Court should consider
11  Plaintiff's untimely Opposition in ruling on Defendant's Motion for Summary Judgment.  (*See*
12  Doc. No. 55 at 5-7).  It also responds to Plaintiff's substantive arguments in opposition to
13  summary judgment.  (*Id*. at 7-9).

14    Notably, Plaintiff did not seek leave to file his Opposition out of time nor otherwise set
15  forth reasons why the Court should consider his late-filled Opposition.  Before turning to the
16  substance of Plaintiff's Opposition, the Court must determine whether to consider it, despite it
17  being untimely filed.  Thus, the Court finds it appropriate to consider Defendant's arguments in
18  the sur-reply.  Likewise, if the Court decides to consider the substance of Plaintiff's Opposition,
19  the interests of justice support considering Defendant's substantive arguments in response to the
20  Opposition.  *See, e.g., Singh v. United States Postal Serv.*, 2017 WL 11471761, at *6 (N.D. Cal.
21  Oct. 10, 2017) (granting sur-reply after opposition filed 12 days late), *report and recommendation*
22  *adopted,* 2017 WL 11472507 (N.D. Cal. Nov. 22, 2017).

23    Thus, the Court will permit Defendant leave to file a limited sur-reply and will consider
24  the proposed sur-reply (Doc. No. 55 at 4-9) when issuing its Findings and Recommendations on
25  Defendant's Motion for Summary Judgment.

26    Accordingly, it is **ORDERED**:
27    1. Defendant's motion for leave to file a surreply (Doc. No. 55) is **GRANTED.**
28    2. The Clerk of Court is directed to separately docket the proposed sur-reply (Doc. No.

2

1  55 at 4-9) attached to Defendant's Motion.

Dated:   July 23, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE