1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EARL RILEY, III,                          Case No.  1:21-cv-01785-JLT-HBK

12              Plaintiff,                       ORDER GRANTING DEFENDANT'S
                                                MOTION TO CONTINUE CASE
13       v.                                      DEADLINES

14   ACCO ENGINEERING SYSTEMS, INC.,           (Doc. No.  59)

15              Defendant.

16

17          Pending before the Court is Defendant's Motion to Continue Trial and Amend Case

18   Management Deadlines, filed October 16, 2024.  (Doc. No. 59, "Motion").  In the Motion,

19   Defendant asks the Court to continue by at least 90 days all trial-related deadlines, including the

20   pretrial conference currently scheduled for November 18, 2024, and trial, currently scheduled for

21   January 7, 2025.  (*Id*. at 2).  Defendant contends that extending these deadlines pending the

22   Court's ruling on Defendant's potentially dispositive Motion for Summary Judgment ("MSJ")

23   will conserve the parties' and Court's resources.  (*Id*.).  Plaintiff opposes the Motion.  (*Id*. at 2:17-

24   18).  For reasons set forth below, the Court will grant Defendant's Motion and will stay the

25   remaining case management deadlines pending the Court's ruling on the MSJ[1].

26

27   _____
     [1] On July 1, 2024, the District Judge assigned the MSJ to the undersigned for preparations of Findings and
     Recommendations.  (Doc. No. 49).  The MSJ became ripe on July 23, 2024, after Defendant filed a sur-
28   reply with leave of the Court.  (*See* Doc. No. 58).

A federal court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). For example, magistrate judges have broad discretion to stay discovery pending decisions on dispositive motions. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985); *see also Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976). Here, the Court finds that a stay is warranted in the interests of judicial economy and to preserve the Parties' time and resources. The Court's ruling on the pending Motion for Summary Judgment may obviate the need for trial preparations, and therefore the Court finds that all related case management deadlines should be stayed pending the Court's decision on the MSJ.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Continue Trial and Extend Case Management Deadlines (Doc. No. 59) is **GRANTED to the extent set forth herein**.

2. All deadlines in the Court's Case Management Scheduling Order (Doc. No. 31) are **STAYED** pending the Court's ruling on Defendant's Motion for Summary Judgment.

3. The Court will issue an order on the pending Motion for Summary Judgment in due course.

Dated:   October 17, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2