1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL L. RILEY III, | No. 1:21-cv-01785-JLT-HBK |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | (Docs. 40, 50, 62) |
| ACCO ENGINEERING SYSTEMS, | |
| Defendant. | |

### I.  BACKGROUND

Earl L. Riley III is proceeding pro se and *in forma pauperis* in this civil action. (Docs. 1, 4.) Plaintiff, who is African American, worked for Defendant as a journeyman sheet metal worker. (Doc. 1 at 2.) Plaintiff advances disparate treatment and hostile work environment claims under Title VII of the Civil Rights Act of 1964. (*See generally id*.) He alleges Defendant discriminated against him based on his race by assigning him to work alone on tasks that required more than one worker, while allowing other workers to complete such tasks in pairs. (*See id*.) Plaintiff alleges he was constructively discharged when he discovered someone had posted on an office wall at the jobsite a picture of a monkey wearing construction gear labeled "Sheet Metal Worker." (*Id*.) Upon making this discovery, Plaintiff "resigned and left the jobsite" and thereafter developed anxiety. (*Id*.)

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Local Rule 302. On October 23, 2024, the assigned magistrate judge issued findings and recommendations to grant Defendant's Motion for Summary Judgment because there was no genuine dispute of material fact as to Plaintiff's claims. (*See* Doc. 62.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days. (*Id*. at 21-22.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 22, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the Findings and Recommendations reach the correct ultimate results.

## II.   ANALYSIS

Under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973), a plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination by showing (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Peterson v. Hewlett-Packard Co*., 358 F.3d 599, 603 (9th Cir. 2004).

The first two elements are not in dispute. As to the third element, Plaintiff appears to advance two theories: (1) that he was subjected to an adverse action because he was assigned to work by himself; and (2) that his constructive discharge amounted to an adverse action. Though the Ninth Circuit "define[s] 'adverse employment action' broadly," *Fonseca v. Sysco Food Servs. of Ariz.*, 374 F.3d 840, 847 (9th Cir. 2004) (citations omitted), and "take[s] an expansive view of the type of actions that can be considered adverse employment actions." *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000) (collecting cases and noting that other circuits have found adverse employment actions to include "disadvantageous transfers or assignments"), the magistrate judge correctly concluded that the undisputed evidence in this case does not support

the first theory. Among other things, it is undisputed that other sheet metal workers were assigned to work by themselves when doing so matched the scope of the task involved, while others were assigned to work in pairs when that was needed. (*See* Doc. 62 at 8–9 (citing record).) It is also undisputed that Plaintiff's supervisor believed the tasks to which Plaintiff was assigned required only one worker. (*Id.*) As pointed out in the Findings and Recommendations, though Plaintiff asserts in his opposition that some of the tasks he was assigned should have been, "for safety and production reasons," assigned to more than one worker, he does not specify which tasks those were, or cite to any record evidence to support this otherwise conclusory assertion. (*Id.* at 8 n. 3.) Plaintiff's conclusory assertions about his solo assignments are insufficient to create a material dispute of fact.

Plaintiff also appears to advance constructive discharge as a form of adverse action. (See Doc. 53 at 6.) "If shown, a constructive discharge is an adverse employment action." *Jordan v. Clark*, 847 F.2d 1368, 1377 n.10 (9th Cir. 1988); *Diemert v. City of Seattle*, 689 F. Supp. 3d 956, 964 (W.D. Wash. 2023). Constructive discharge occurs "when the working conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer." *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007). In the section discussing Plaintiff's hostile work environment claim, the Findings and Recommendations cogently explain why record does not demonstrate constructive discharge:

> In his briefing, Plaintiff does not specify on what basis Defendant's actions amounted to constructive discharge. He again relies on conclusory language, asserting that "[h]ere the plaintiff can demonstrate the severe or pervasive harassment necessary to support a hostile work environment . . . [and] the Plaintiff can establish a claim that suggest[s] that his working conditions became so intolerable that he reasonably felt compelled to resign." (Doc. No. 53 at 17). Plaintiff does not, however, support either of these assertions by citing to facts in the record or even specifying what facts the claims are based on.
>
> As discussed above with respect to Plaintiff's other Title VII claims, the Court finds the undisputed facts do not establish that Plaintiff suffered "intolerable [or] discriminatory working conditions" during his brief tenure at ACCO. *Satterwhite*, 744 F.2d at 1381. While

3

> Plaintiff was unhappy that he was assigned to work alone on most days, the Court is unpersuaded that by itself, this would compel a reasonable person to resign. Further, the overwhelming evidence indicates that Plaintiff did not quit because of Hernandez's assignment. He uncomplainingly accepted those assignments for two months, and then quit immediately after discovering the offensive poster on September 29, 2021. As discussed above, the undisputed facts refute the claim that Plaintiff experienced a pattern of negative or discriminatory treatment. Rather, Plaintiff was praised by his supervisor, was retained during a layoff, and had his requested time off approved. (Doc. No. 40-2 at 2-3 ¶¶ 8-9).
>
> Instead, the undisputed facts demonstrate at best "[a]n isolated incident of mistreatment" in which an unknown individual placed an insensitive poster in an ACCO trailer. *Huskey*, 204 F.3d at 900. An isolated incident, particularly one that is offensive but not obviously severe, falls short of the showing required for a constructive discharge claim. *Jackson*, 2010 WL 3733983 at *10. Because the undisputed facts establish no more than such an isolated incident, Defendant is entitled to summary judgment on Plaintiff's constructive discharge claim.

(*See* Doc. 62 at 19–20.) This reasoning is correct as to the hostile work environment claim and applies with equal force to any attempt by Plaintiff demonstrate adverse action by way of constructive discharge as part of his disparate treatment claim.[1] Thus, the Court **ORDERS**:

1. The Findings and Recommendations filed on October 23, 2024, (Doc. 62), are **ADOPTED** for the reasons set forth above.
2. Defendant's motion for summary judgment (Doc. 40) is **GRANTED**.
3. The Clerk of Court shall enter Judgment in favor of Defendant and **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated: **December 22, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] Because Plaintiff's disparate treatment claim fails on the adverse action element, the Court finds it unnecessary to address the fourth element.